UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SOLOMON BOOMER,

                           Plaintiff,

  - against -

DR. ROBERT BENTIVEGNA, et al.

                         Defendants.
-------------------------------------------------------------- X

19 Civ. 4754 (PMH)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

LETITIA JAMES
Attorney General
State of New York
<u>Attorney for Defendant</u>
28 Liberty Street – 18th Floor
New York, New York 10005
(212) 416-6185

JEB HARBEN
Assistant Attorney General
    <u>of Counsel</u>

## PRELIMINARY STATEMENT

*Pro se* plaintiff Solomon Boomer ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights, arising out of Defendant's alleged deliberate indifference to his medical needs. Defendants in this action, all current or former DOCCS employees, Dr. Bentivegna (currently employed by DOCCS), Nurse Practitioner ("N.P.") Ashong (currently employed by DOCCS), and N.P. Leonard (formerly employed by DOCCS) (collectively, "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss the Complaint (ECF No. 1), pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Plaintiff's claims should be dismissed because (1) he has failed to state a cause of action (and any unpled state law claims are barred by Correction Law § 24); (2) Defendants are entitled to qualified immunity; (3) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a); and (4) defendant Leonard has not been served with process in this action.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges while an inmate at Green Haven Correctional Facility ("Green Haven") in 2017, defendant Ashong delayed referring him to a neurosurgeon and/or orthopedic surgeon in connection with alleged back problems, opting for physical therapy instead. Complaint at 5. Plaintiff further alleges that, in 2018, after briefly being transferred to Elmira and Attica Correctional Facilities, Plaintiff was transferred back to Green Haven, at which time Plaintiff was referred (by defendant Leonard, also a nurse practitioner) to a neurosurgeon on January 15, 2019, who Plaintiff alleges recommended that Plaintiff be provided with a wheelchair and certain pain

1

medications. Id. at 6. Plaintiff alleges that on February 28, 2019, defendant Leonard did not follow the neurosurgeon's recommendation and did not allow Plaintiff a wheelchair. Id. Plaintiff alleges that Dr. Bentivegna was made aware of the alleged actions of defendant Leonard, but did not correct them. Id.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quotations omitted). In sum, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In discussing Iqbal, the Second Circuit wrote "[i]n Iqbal, the Supreme Court suggested a 'two-pronged approach' to evaluate the sufficiency of a complaint." See Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (citation omitted). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Id. (citation omitted).[1] "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden, 594 F.3d 161 (citation omitted). As was also the case before Iqbal, "conclusory

---

[1] See also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (accepting all allegations "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent" dismissal. Smith v. Local 819, 291 F.3d 236, 240 (2d Cir. 2002).

## ARGUMENT

### I. PLAINTIFF HAS NOT ALLEGED A VALID EIGHTH AMENDMENT CLAIM[2]

#### A. The Requirements for a Medical Deliberate Indifference Claim

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). A Plaintiff must show that a defendant was "deliberately indifferent" to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103, 104 (1976). Deliberate indifference to the serious medical needs of an inmate violates the Eighth Amendment when it is the equivalent of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Proving deliberate indifference is a two-step process that includes both an objective and subjective component, both of which must be satisfied by a plaintiff.

First, the alleged deprivation must be, in objective terms, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (same). "Sufficiently serious" contemplates a "condition of urgency, one that might produce death, degeneration or extreme pain." Hutchinson v. Civitella, No. 02 Civ. 2407, 2003 WL 22056997, at * 5 (S.D.N.Y. Sept. 4, 2003) (citing Hathaway, 37 F.3d at 66). Only "those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9, (1992). Where a delay in treatment is alleged, a Plaintiff must come forward with evidence that there was actual serious harm resulting from that delay. Salahuddin v. Goord, 467 F.3d 263, 281 (2d Cir. 2006).

---

[2] To the extent that the Complaint can be read as seeking monetary damages against Defendants in their official capacities, no such claims are allowed under the Eleventh Amendment. See Michigan v. Will, 491 U.S. 58, 61 (1989).

3

Second, the defendant "must act with a sufficiently culpable state of mind." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Hathaway, 37 F.3d at 66). Deliberate indifference requires factual allegations showing "'a state of mind that is the equivalent of criminal recklessness,'" Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003), cert. denied, 543 U.S. 1093 (2005) (citation omitted), or actions "'repugnant to the conscience of mankind'" incompatible with the "evolving standards of decency that mark the progress of a maturing society," Estelle, 429 U.S. at 102, 105, or that officials "deliberately delayed care as a form of punishment" or "ignored [a] life-threatening and fast-degenerating condition."[3] In sum, a plaintiff must show that the acts or omissions of a defendant "involved more than lack of due care, but rather involved obduracy and wantonness in placing his health in danger." LaBounty v. Coughlin, 137 F.3d 68, 72 (2d Cir. 1998). Even if a plaintiff claims he suffered pain, for example, that does not in itself satisfy the "wantonness" requirement. See Wilson, 501 U.S. at 298 - 303. As further explained,

> [t]he defendant's belief that his conduct poses no risk of serious harm (or an insubstantial risk of serious harm) need not be sound so long as it is sincere. Thus, even if objectively unreasonable, a defendant's mental state may be nonculpable.

Salahuddin, 467 F.3d at 281. In other words, "the mental state inquiry does not include an objective reasonableness test." Id. at 282. "While willful blindness to a risk might suggest awareness of the risk, simple blindness does not, and leads only to a finding of unactionable negligence." Id. The "exercise of medical judgment," even if erroneous, is not deliberate indifference. See Hernandez, 341 F.3d at 147. Indeed, "disagreements over medications, diagnostic techniques, forms of treatment or the need for specialists or the timing of their intervention" are not actionable under § 1983. Fate v. Goord, No. 01 Civ. 3255, 2012 WL 3104884, at * 6 (S.D.N.Y. July 31, 2012). Finally,

---

[3] Henderson v. Sommer, No. 08 Civ. 3440, 2011 WL 1346818, at * 4 (S.D.N.Y. April 1, 2011) (discussing cases involving various periods of delay of treatment and noting that "'a delay in treatment does not necessarily invoke the Eight Amendment'") (citations omitted).

4

allegedly unsuccessful medical treatment alone does not give rise to § 1983 liability, nor can a claim for medical malpractice be cast as a § 1983 claim. See Estelle, 429 U.S. at 105-106.

### B. No "Sufficiently Serious" Alleged Deprivation

Plaintiff's allegation that his bulging disc and a curved spine (common conditions for which surgery is often not required)[4] have not been treated properly are insufficient to meet the objective prong of the Eight Amendment deliberate indifference analysis. A "sufficiently serious" condition contemplates a "condition of urgency, one that might produce death, degeneration or extreme pain." Hutchinson, 2003 WL 22056997, at * 5 (citing Hathaway, 37 F.3d at 66). Even if Plaintiff's back condition allegedly produced "extreme pain," Plaintiff has failed to allege facts showing that the course of care allegedly provided by Defendants was constitutionally inadequate and, as a result, exacerbated his alleged pain. In Salahuddin, the Circuit explained that non-conclusory factual allegations must show that "the prisoner was actually deprived of adequate medical care." Id. at 279. Next, factual allegations must show that "the inadequacy in medical care is sufficiently serious. This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Id. at 280. The Complaint's factual allegations fail to support an Eighth Amendment claim.

### C. Plaintiff Has Not Alleged Defendants Had Sufficiently Culpable States of Mind

The Court need not determine whether Plaintiff has made sufficient factual allegations at this stage that the alleged failure to treat his back condition is sufficiently serious to meet the

---

[4] See, e.g., https://www.mayoclinic.org/diseases-conditions/herniated-disk/symptoms-causes/syc-20354095 ("surgery is usually not necessary" for herniated (bulging) discs) and https://www.mayoclinic.org/diseases-conditions/scoliosis/symptoms-causes/syc-20350716 ("in many cases, no treatment is necessary" for scoliosis). This Court can take judicial notice of medical background information relating to these matters. See Valenzuela Arias v. Decker, 20 Civ. 2802, 2020 WL 1847986 (SDNY April 10, 2020) (judicial notice of medical information).

requirements of the objective prong of the Eighth Amendment analysis,[5] because the Complaint fails to plead facts showing that Defendants had the "culpable state of mind" that is required for there to be § 1983 liability for deliberate medical indifference. Chance, 143 F.3d at 702. No factual allegations are made supporting any inference that Defendants had "a state of mind that is the equivalent of criminal recklessness," Hernandez, 341 F.3d at 145, or took actions "'repugnant to the conscience of mankind'" incompatible with the "evolving standards of decency that mark the progress of a maturing society," Estelle, 429 U.S. at 102, 105, or that Defendant "deliberately delayed care as a form of punishment" or "ignored [a] life-threatening and fast-degenerating condition." See Henderson, 2011 WL 1346818, at * 4. Rather, Plaintiff conclusorily alleges that defendant Ashong denied care for "non-medical" reasons, but does not allege what those reasons were. Complaint at 5. Such conclusory and speculative allegations are insufficient to defeat a motion to dismiss. See Harris, 572 F.3d at 72 (conclusory allegations insufficient). No allegations are made as to defendants Leonard's and Bentivegna's respective states of mind and, in fact, Plaintiff alleges that defendant Leonard's decisions were based on his opinion that Plaintiff could walk and did not need a wheelchair. Complaint at 6. As Plaintiff does not make sufficient factual allegations to support the subjective prong, Plaintiff's claims must be dismissed.

To the extent that Plaintiff claims that defendants were incorrect in, for example, allegedly prescribing a course of physical therapy or determining that a wheelchair was not medically necessary because Plaintiff could walk, this is simply a disagreement over the proper course of medical treatment and is not actionable under § 1983. See Estelle, 429 U.S. at 105-106. Likewise,

---

[5] Defendants do not concede that Plaintiff's alleged back pain is a sufficiently serious medical condition, but contend that the Court need not reach the issue on the motion to dismiss because Plaintiff cannot meet the objective or subjective prongs of an Eighth Amendment violation.

any state law claims that may potentially be read in the pleading (which only alleges § 1983 claims) are barred under Correction Law § 24. See Baker v. Coughlin, 77 F.3d 12, 15 (2d Cir. 1996).

## II     DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

### A.     Defendants Violated No Clearly Established Law

Qualified immunity precludes "liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012). "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." Id. at 2093 (internal quotation marks and citations omitted). As the Supreme Court recently reaffirmed, "a defendant cannot . . . violate[] a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014).

The Complaint makes no factual allegations demonstrating a violation of clearly established law. The law is not clearly established that disagreements over courses of treatment can form the basis for a constitutional claim (see Estelle, 429 U.S. at 105-106), and Plaintiff alleges nothing more here. As no clearly established law required Defendants to do more for Plaintiff than what they allegedly did, Defendants must be granted qualified immunity on Plaintiff's claims.

### B.     Defendants' Conduct Was Objectively Reasonable

For all of the above reasons, it was objectively reasonable for any officials in the positions of Defendants to believe that their actions were lawful and not violative of clearly established constitutional law.[6] Here, plaintiff admits that the defendants were treating him based on their

---

[6] See Anderson v. Creighton, 483 U.S. 635, 641 (1987) (qualified immunity protects officials who "act in ways they reasonably believe to be lawful."); Winfield v. Trottier, 710 F.3d 49, 57 (2d Cir. 2013) (qualified immunity applies where it was objectively reasonable for an official to believe that he was not violating clearly established law).

medical judgment. Granting Defendants qualified immunity is entirely consistent with the purposes of the immunity. Indeed, even if Defendants had made mistakes in medical judgment, such an error does not deprive an official of qualified immunity as public "officials will not be liable for mere mistakes in judgment."[7]

## III.    FAILURE TO EXHAUST UNDER THE PLRA

Plaintiff failed to exhaust his administrative remedies under the PLRA. With respect to his claims against defendants Bentivegna and Leonard regarding the provision of a wheelchair, Plaintiff filed the instant lawsuit on March 14, 2019, shortly after filing a grievance complaining about this issue on February 25, 2019, but before requesting, on March 15, that the Green Haven superintendent directly review his grievance rather than awaiting a response from the Green Haven Inmate Grievance Review Committee. See May 26, 2020 Declaration of Jeb Harben ("Harben Decl."), Ex. A. The superintendent decided the grievance on March 19, and Plaintiff appealed that grievance decision the DOCCS's Central Office Review Committee ("CORC") on March 27, all after Plaintiff filed this lawsuit. Id. The PLRA requires that a claim be exhausted *before* bringing suit in federal court, and be exhausted fully: "using all steps that the agency holds out, and doing so properly." See, e.g., Woodford v. Ngo, 548 U.S. 81, 90 (2006). Plaintiff failed to do this. And even if he had filed this lawsuit after filing an appeal with CORC, rather than filing this lawsuit two weeks before his appeal, he was required to wait until CORC's decision.[8] Similarly, Plaintiff

---

[7] Atwater v. City of Lago Vista, 532 U.S. 318, 367-68 (2001) (citation omitted); see also Hunter v. Bryant, 502 U.S. 224, 228-9 (1991) (qualified immunity protects "mistaken judgments" and "all but the plainly incompetent or those who knowingly violate the law").

[8] See, e.g., Fuentes v. Furco, No. 13 Civ. 6846, 2014 WL 4792110, at ** 2-4 (S.D.N.Y. Sep. 25, 2014) ("the proper course remains a dismissal of Plaintiff's claims without prejudice"); Bennett v. Wesley, No. 11 Civ. 8715, 2013 WL 1798001, at *5 (S.D.N.Y. April 29, 2013) (collecting cases); Mateo v. O'Connor, No. 10 Civ. 8426, 2012 WL 1075830, at *6 (S.D.N.Y. March 29, 2012) ("A final decision by CORC is required in order to exhaust administrative remedies.").

also failed to administratively exhaust with respect to his claims against defendant Ashong for the alleged failure to refer him to a specialist in a timely fashion as he filed suit after appealing to CORC, but before receiving a decision.[9] See Harben Decl., Ex. B.

## IV.     SERVICE OF PROCESS ON DEFENDANT LEONARD

Service of process must be satisfied before a Court can assert personal jurisdiction over a defendant and notice of a claim is insufficient to confer personal jurisdiction.  See National Development Co. v. Triad Holding Corp., 930 F.2d 253 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service."). Plaintiff has not served defendant Leonard. See ECF Nos. 15 and 17. Moreover, as it has been more than 120 days since the issuance of a summons regarding the Complaint without service having been effected (see Fed. R. Civ. P. 4(m)), dismissal as to defendant Leonard is appropriate.

## CONCLUSION

For all the above reasons, dismissal of this action with prejudice is respectfully requested.

Dated:  New York, New York           Respectfully submitted,
        May 26, 2020

                                          LETITIA JAMES
                                          Attorney General State of New York
                                          Attorney for Defendants

                                          By:     /s/Jeb Harben
                                          Jeb Harben, Assistant Attorney General
                                          28 Liberty Street – 18th Floor
                                          New York, New York 10005
                                          Tel: (212) 416-6185 / Email: jeb.harben@ag.ny.gov

---

[9] Plaintiff has attached to the Complaint several documents concerning a grievance that do not appear to concern the claims in this case as they complain about the failure of a radiologist, not Defendants, to list certain conditions in a report. See Complaint at 10 – 13).