United States District Court For The Southern District of New York

Solomon Boomer,

                                Plaintiff,

            -v-

Dr. Robert Bentivegna, et al.,

                                Defendants

19-Civ-4754 (PMH)

RECEIVED JUL 0 2 2020 PRO SE OFFICE

      I am an inmate confined to an institution, Green Haven Correctional Facility in Stormville, New York, 12582. Today, June 24th, 2020, I am depositing a copy of my Memorandum of Law in Opposition To Motion To Dismiss Pursuant to FRCP 12(b)(6) in this case, in the institution's internal mail system. First Class postage is being prepaid either by me or by the institution on my behalf to mail the above identified items to the:

Attorney General of the State of New York
Att: Jeb Harben, Asst. Atty. General
28 Liberty Street, 18th Floor
New York, New York 10007-1316

United States District Court
Southern District of New York
Att: Pro Se Clerk
500 Pearl St.
New York, N.Y. 10007-1316

      I declare under Penalty of Perjury that the foregoing is true and correct (see 28 U.S.C. § 1746, 18 U.S.C. § 1621).

Signed on June 24th, 2020

                                                          Respectfully Submitted,

                                                          Solomon Boomer, 94-A-4650

                                                          Green Haven Correctional Facility

                                                          P.O. Box 4000

                                                          Stormville, New York 12582-4000

RECEIVED JUL 02 2020 PRO SE OFFICE

United States District Court
Southern District of New York
-------------------------------------
Solomon Boomer,
                    Plaintiff,

-against-

Dr. Robert Bentivegna, et al.,

                    Defendants,
-------------------------------------

Memorandum of Law in Opposition To Motion To Dismiss Pursuant To FRCP 12(b)(6)

Case No. 19-CV-4754 (PMH)

## Preliminary Statement

Solomon Boomer, who is currently a state prisoner, is seeking relief and damages under 42 U.S.C. § 1983, alleges civil rights violations based on his Eighth Amendment rights, arising out of Defendant's deliberate indifference to his medical needs.

The defendants now move, Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint on the grounds that (1) I have failed to state a cause of action, (2) The defendants are entitled to qualified immunity, (3) The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1197e(a), and (4) Defendant Leonard has not been served with process in this action.

For the following reasons expounded upon in these opposition papers, the defendants motion to dismiss should be denied, or in the alternative, he should be given the opportunity amend his complaint to repair any omissions or defects in my pleadings to cure them.

1

## Statement of Facts

In the interest of brevity, the plaintiff relies on his statement of facts as pled in his complaint filed with the Court.

## Standard of Review

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its fact," and do so for each element of the claim. Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1995 (2007); Phillips v. County of Allegahany, 515 F.3d 224, 234 (3rd Cir. 2008) (stating a claim "requires a complaint with enough factual matter [taken as true] to suggest the required element [Quoting Bell Atlantic, 550 U.S. at 576, n.3]. This "does not impose a probability requirement at the pleading stage', but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements'").

In deciding a motion to dismiss, the Court is required to "accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the Plaintiff." Bell Atlantic, 550 U.S. at 555 (stating that the decisions on such motion to dismiss rest "on the assumption that all the allegations in the complaint are true").

Finally, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschcroft v. Iqbal, 556 U.S. 662, 677-678 (2009).

## Argument of Law

A. The Defendant's Barebones Allegations, Prior To Discovery, Are Insufficient To Support A Motion To Dismiss For Failure To State a Claim, and As Such Must Be Denied

In adjudicating a pre-discovery motion to dismiss pursuant to Rule 12(b)(2), "[t]he allegations in the complaint must be taken as true *to the extent they are uncontroverted by the defendant's affidavits.*" Seetransport Wiking Trader Schiffarhts-gellSchaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572, 580 (2nd Cir. 1983) (emphasis added), See MacDermid, Inc. v. Delter, 702 F.3d 725, 727 (2nd Cir. 2012) (same); Peterson v. Islamic Republic of Iran, 2013 WL 2246790, *5 (S.D.N.Y. 2013); Steuben Foods, Inc. v. Shibuya Hoppmann Corp., 2011 WL 3608064, *4 (W.D.N.Y. 2011) (Acara, J.) ("In the procedural posture of a motion to dismiss, a district court must accept the *uncontroverted* allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor" quoting Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 [Fed. Cir. 2003] [emphasis added]).

As such, a motion to dismiss for failure to state a claim is inappropriately filed pre-discovery. As the defendants possess the medical records and other documents necessary to support and his claims, it would be wrong to deny the plaintiff the chance to access those records before the discovery period has completed. Furthermore, the failure to controvert my claims with affidavits from defendants leaves the motion without any substance or merit, as I have made a prima facie showing in support of my claims.

B.   The Defendants Are Not Entitled To Qualified Immunity

The defendants assert that they are entitled to qualified immunity because "no clearly established law required defendants to do more for Plaintiff than what they allegedly did," while at the same time admitting that the law is not clearly established that disagreements over courses of treatment can form the basis for a constitutional claim (Def. Mem. at Pg. 7).

This, of course, shows that these types of claims rely on the individual facts of each case, which necessarily must be determined on a case by case basis. But how can the plaintiff provide the necessary evidence before discovery, when he would be able to submit interrogatories and production of document requests. As such, this pre-discovery claim that the defendants are entitled to qualified immunity is premature, and must fail at this point of the proceedings.

C.   The Plaintiff Has Exhausted His Administrative Remedies

The defendants allege that the plaintiff failed to exhaust under the PLRA because he waited until March 27th, 2019 to appeal grievance GH-91533-19 to CORC.

The defendants fail to mention that the plaintiff filed grievance GH-90196-18 on 8/28/18 about his lack of medical care and GH-90315-18 on 9/13/18 requesting appropriate care.

GH-90196-18 was appealed to CORC on 10/8/18, yet, CORC did not acknowledge receipt of said grievance (allegedly on 12/26/18) until **14 months later** on 12/11/19. The plaintiff never received a acknowledgment of receipt for grievance GH-90315-18 from CORC as of this date.

4

As grievance GH-91533-19 was the last of three grievances filed related to the claims in his complaint, it is disingenuous for the Attorney General to misrepresent the facts to this Court by only mentioning the last of three grievances.

The defendants failure to timely respond to my grievance appeals to the superintendent and CORC rendered the grievance process unavailable (see Ross v. Blake, 136 S.Ct. 1850, 1858 [2016] [Under § 1997e(a), the exhaustion requirement hinges on the "availability" of administrative remedies]).

Furthermore, the ordinary meaning of the word available is capable of use for the accomplishment of a purpose, and that which is accessible or may be obtained (Booth v. Churner, 532 U.S. 731, 737-738 [2001]) (quoting Webster's Third New International Dictionary 150 [1993]; see also Random House Dictionary of the English Language 142 [2d ed. 1987] ["suitable or ready for use']; Black's Law Dictionary 135 [6th ed. 1990] ["useable", "present or ready for immediate use"]). Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are "capable of sue" to obtain "some relief for the action complained of." Booth, 532 U.S. at 738.

The defendants took over two months for the superintendent to respond to grievance GH-90315-18. Even more egregious is the defendants sending a notice of "receipt of appeal" for GH-90196-18 ("rec'd by CORC on 12/26/2018) two weeks shy of one year later on 12/11/2019. If these actions did not render the appeal process of these two grievances unavailable, than I can not imagine any action that would render them unavailable.

5

D.  An Out of State Subpoena Should Have issued on Defendant Leonard

The plaintiff notified the Court that defendant Leonard was located out of State in September of 2019 (Exhibit "A'). As the Court effectuated service by the U.S. Marshalls Office, who have offices throughout the United States, service by the marshalls office should have performed on Leonard.

## Conclusion

For all of the above stated reasons set forth above, I respectfully request that this Court issue AN ORDER denying the defendants motion to dismiss in its entirety, or alternatively, to dismiss the complaint without prejudice, allowing the plaintiff to amend his complaint to cure any omissions or defects within, and for such other and further relief as this Honorable Court may deem just, proper and equitable in this case.

I, Solomon Boomer, declare under the Penalty of Perjury Pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Signed on this __24__ day of __June__, 2020

Respectfully Submitted,

*Solomon Boomer*
Solomon Boomer, 94-A-4650
Green Haven Corr. Facility
P.O. Box 4000
Stormville, N.Y. 12582-4000

6

# Exhibit "A"

Solomon Boomer 94a-4650
Green Haven Corr. Fac.
P.O. Box 4000
Stormville, N.Y. 12582
A-4-158

19-cv-04754 NSR

TO: Clerk
500 Pearl Street, Suite, 400
New York, N.Y 10007

Dear Clerk:
I am writing to inform the court that I have received a copy of the U.S Marshal's process receipt & return (summon & complaint), on 8/21/19. All the defendants were served, except NP leroy leonard; because he has lefted to Nwe Mexico. The other providers here told me that he had went there. Therefore, the marshal was unable to serve him.
Can this Court have the U.S. Marshals in New Mexico serve the defendant there. Thank-you.

cc: File
SB

Respectfully,
Solomon Boomer
Solomon Boomer
94a-4650

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

**U.S. Department of Justice**
United States Marshals Service

| | |
|---|---|
| **PLAINTIFF** Solomon Boomer | **COURT CASE NUMBER** 19-cv-04754-NSR |
| **DEFENDANT** Benteuiglia et al | **TYPE OF PROCESS** Summons & Complaint |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
NP Leonard Leroy
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
Green Haven Correctional Facility, 594 Rt. 216, Stormville, New York 12582-0010

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Pro Se: Solomon Boomer, #94-A-4650
GREEN HAVEN CORRECTIONAL FACILITY
P.O. Box 4000
Stormville, NY 12582

Number of process to be served with this Form 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF  ☐ DEFENDANT
TELEPHONE NUMBER: 212-805-0175
DATE: 7/12/2019

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process P3 | District of Origin No. 054 | District to Serve No. 054 | Signature of Authorized USMS Deputy or Clerk | Date JUL 1 9 2019 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

Date 8/7/19  Time ☐ am ☐ pm

Address *(complete only different than shown above)*

Signature of U.S. Marshal or Deputy
B. Br^o EE6/4

| Service Fee $8.00 | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges $8.00 | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS
JUL 1 9 2019 - Set up for mail ser.
AUG 7 2019 - Unable to serve, per Cathy Sheehan "Unable to ascertain" the defendant

Form USM-2
Rev. 11/

19-4754

Solomon Boomer 94-A-4650
GREEN HAVEN CORRECTIONAL FACILITY
594 ROUTE 216
STORMVILLE, NY 12582

RECEIVED
PRO SE OFFICE
JUL 02 2020

19-cv-4754 (PMH)

United States District Court
Southern District of New York
Att: Pro-Se Clerk
500 Pearl St.
New York, New York 10007-1316

Legal Mail

